**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**


SHANE SLATER,

                              Plaintiff,

              v.                                        CASE NO. 14-3002-SAC

DONALD SNAPP,

                              Defendant.


**MEMORANDUM AND ORDER**


    This matter is a civil rights action filed pursuant to 42 U.S.C. § 1983 by a prisoner in state custody. The sole defendant is an attorney who represented plaintiff in a criminal matter. Plaintiff contends the defendant provided inadequate representation, resulting in plaintiff's conviction. He seeks damages.

    Because plaintiff is a prisoner, the court must screen his complaint and may dismiss the complaint or any part of it that is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.S. § 1915A(a)-(b).

    To assert a claim under § 1983, plaintiff must allege a deprivation of his federal rights by a person acting under color of state law. *Watson v. City of Kansas City, Kan.*, 857 F.2d 690, 694 (10th Cir. 1988). However, it is settled law that "[t]he conduct of an attorney acting in his professional capacity while representing his client does not constitute action under color of state law for the purposes of § 1983". *Beedle v. Wilson*, 422 F.3d 1059, 1973 (10th Cir. 2005)(internal citation omitted). *See also Polk County v. Dodson*, 454

U.S. 312, 325 (1981)("a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding") and *Barnard v. Young*, 720 F.2d 1188, 1189 (10th Cir. 1983)("private attorneys, by virtue of being officers of the court, do not act under color of state law within the meaning of section 1983").

Accordingly, because the defendant did not act under color of state law in conducting plaintiff's criminal defense, plaintiff states no claim for relief under § 1983.

IT IS, THEREFORE, BY THE COURT ORDERED this matter is dismissed for failure to state a claim upon which relief may be granted.

A copy of this order shall be transmitted to the plaintiff.

**IT IS SO ORDERED.**

DATED:  This 7th day of January, 2014, at Topeka, Kansas.


S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge